# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**BENNIE L. GAMBLE, Jr.**                                                                 **PETITIONER**

**v.**                                       **CIVIL ACTION NO. 5:14-CV-P187-R**

**COMMONWEALTH OF KENTUCKY et al.**                         **RESPONDENTS**

## MEMORANDUM OPINION

Petitioner Bennie L. Gamble, Jr., a prisoner at the Northpoint Training Center, filed this *pro se* action on his own paper naming as Respondents the Commonwealth of Kentucky, McCracken County Circuit Court, the Kentucky Department of Corrections, and the Northpoint Training Center. For the reasons set forth below, the Court will dismiss the action.

Petitioner captions the initiating document "Motion to Vacate Pursuant to the Equal Protection Clause." The filing states: "Comes now Petitioner Bennie L. Gamble, Jr., Personam, Jus Soli, Sui Juris, UCC 1-308, 'Without Prejudice', Motions, Asks and Requests this Honorable Court to issue an Order of 'Immediate' Release under the Authority of the United States Constitution, pursuant to the (14th) Fourteenth Amendment, and the Incorporation Doctrine." That document states further:

> In accordance with Procedural Due Process, Due Process, Bill of Attainder, Equity, and Civil Law, Petitioner declares, verifies, and states the following grounds . . . The Judicial Power of the United States – To hear and decide cases or controversies in law and equity if (A) They arise under the Constitution, a Federal Law, or a treaty, (B) A state is a party to the case, (C) They are between citizens of different States. Petitioner is a Resident of the State of Texas and Domiciled there, Petitioner is currently housed at Northpoint Training Center, within the KY Dept. of Corrections, via a void Final Judgment/Sentence of Imprisonment from the McCracken Co. Circuit Court, under the authority of the Commonwealth of Kentucky, in violation of the Equal Protection Clause of the 14th Amendment's Double Jeopardy Limitation.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In the instant case, Petitioner's complaint fails to meet this standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted).

Moreover, as has been told to Petitioner previously, *see Gamble v. Commonwealth of Kentucky*, Civ. Action No. 5:14-CV-121-R, to the extent that Petitioner seeks immediate release from custody, the sole remedy for seeking release is a petition for writ of habeas corpus. *See Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court notes that Petitioner is fully aware of how to file a petition for writ of habeas corpus, and, in fact, has filed a number of them. *See, e.g.*, *Gamble v. Bottom*, Civil Action No. 5:14-CV-29-R.

Consequently, by separate Order, the instant action will be dismissed.

Date:

cc:   Petitioner, *pro se*
4413.009